Michael M. Ahmadshahi, Esq. (Bar No. 219933)
Email:  mahmadshahi@mmaiplaw.com
AHMADSHAHI LAW OFFICES
2030 Main Street, Suite 1300
Irvine, CA 92614
Telephone: 949.260.4997
Facsimile:  949.260.4996

Attorney for Plaintiff
Innovative Imports, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| INNOVATIVE IMPORTS, INC., a California corporation with a principal place of business in California,<br><br>    Plaintiff,<br><br>  v.<br><br>MATTHEW SANDERS dba WHIPTECH LED TECHNOLOGY dba WWW.WHIPTECHLED.COM, an individual; and Does 1-10, inclusive,<br><br>    Defendants. | **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF:**<br>**1. FEDERAL TRADE DRESS INFRINGEMENT;**<br>**2. FEDERAL FALSE DESIGNATION OF ORIGIN;**<br>**3. CALIFORNIA UNFAIR COMPETITION LAW (UCL) UNDER B&P CODE SECTION 17200 ET SEQ;**<br>**4. CALIFORNIA COMMON LAW UNFAIR COMPETITION; AND**<br>**5. CALIFORNIA COMMON LAW TRADE DRESS INFRINGEMENT.**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.      This action is the result of Defendants' manufacture and sale of infringing LED whips that infringe Plaintiff's trade dress of its LED whip products.

2.      Defendant Matthew Sanders d/b/a Whiptech LED Technology and d/b/a www.whiptechled.com is selling products of inferior quality that are nearly identical in appearance to Plaintiff's products, using a trade dress that is identical to Plaintiff's trade dress, thus confusing and deceiving consumers and harming Plaintiff's good will and reputation.

3.      Upon information and belief, Defendants Does 1 through 10 are manufacturing, causing to be manufactured or distributing the above goods sold by Defendant Sanders and these Defendants are not authorized or licensed by Plaintiff to manufacture, distribute offer for sale, or sell products using Plaintiff's trade dress.

4.      This action is one for direct and contributory trade dress infringement and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1051 et seq., together with related claims under state law. Plaintiff seeks temporary and permanent injunctive relief, damages, an accounting of Defendants' profits, and all other appropriate relief arising from Defendants' willful acts of trade dress infringement and unfair competition.

**JURISDICTION AND VENUE**

5.      Plaintiff files this action against Defendants for trade dress infringement and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act") and for related claims under the statutory and common law of the state of

California. This Court has subject matter jurisdiction over the claims alleged in this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

6.     This Court has supplemental jurisdiction over the Defendants with respect to the California state law trade dress and unfair competition claims pursuant to 28 U.S.C. §1367(a).

7.     This Court has personal jurisdiction over Defendants because Defendants are incorporated, domiciled, and/or do business within this judicial district.

8.     This action arises out of wrongful acts by Defendants within this judicial district and Plaintiff is located and has been injured in this judicial district by Defendants' alleged wrongful acts. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as Defendants may be found or transact business in this district, and the violations alleged arose and are continuing to occur in this district.

## **PARTIES**

9.     Plaintiff Innovative Imports, Inc. ("Plaintiff" or "Innovative") is a corporation existing and organized under the laws of the state of California and has its principal place of business at 555 W. Allen Ave., Ste. 10, San Dimas, CA 91773.

10.     Upon information and belief, Defendant Matthew Sanders ("Defendant" or "Sanders") is an individual doing business as Whiptech LED Technology and as www.whiptechled.com and resides in the city of Carlsbad in the state of California.

11.     Plaintiff is ignorant of the true names and capacities of Defendants sued as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff

will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries herein alleged were caused by their conduct.

12.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants was the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

## STATEMENT OF FACTS COMMON TO ALL CLAIMS

*Plaintiff and Its LED Whip Products*

13.     Innovative was founded in 2006 and has been engaged in the design distribution, marketing, offering for sale, and sale of LED whips in interstate commerce. Innovative designs and develops high quality products for demanding applications such as those encountered in harsh environments.

14.     Throughout the years, Innovative has established market recognition and market presence through distribution of its LED whips. Innovative manufactures and sells several products including the Original LED Safeglo Whips with RCA, the HD 6' Super LED Whip for Use with 3 x 5 Flag, the Lighted Fiber Optic Whip, the Chameleon Fiber Optic Remote Control Color Changing Whip, and the RGB Multicolor LED Whip with Remote Control.

15.     Innovative's Original LED Safeglo Whips ("LED WHIPS") have been one of its most popular products.

16.     Innovative has sold these products nationwide in stores and online since 2006, prior to the acts complained of herein, and is continuing to do so today. It has extensively advertised its LED WHIPS on its website and through online advertising services, including Google AdWords, Bing, Yahoo, and Sand Sports Magazine.

17.     Innovative's LED WHIPS have highly distinctive and unusual design features. These design features constitute Plaintiff's LED WHIPS trade dress ("LED WHIPS trade dress") and consist of a combination of the following nonfunctional elements:

- An aluminum base of black color and having a specific length;
- The base having a label of a specific width, a specific length, and a specific color;
- The base having a threaded lower section of a specific length, specific thread, specific nut, and an RCA receptacle for use with an RCA connector;
- A transparent tube having a specific thickness and coupled with the base, having a flag of orange color with a white translucent strip; and
- LED strips inside the transparent tube having LEDs at a specific spacing.

18.     Exhibit-1 contains photographs of the Plaintiff's LED WHIPS as they are sold in interstate commerce. These design features are nonfunctional, inherently distinctive, and have attained secondary meaning among consumers and the LED whip industry.

19.     Plaintiff maintains strict quality control standards for all of its LED WHIPS.

*Defendants' Wrongful Conduct*

20.     Upon information and belief, since at least as early as 2014, Defendant Sanders has owned and operated a web site at www.whiptechled.com that is offering for sale and selling infringing LED whip products that use Plaintiff's distinctive features (the "Infringing Goods"). Exhibit-2 contains photographs of Defendant Sanders' Infringing Goods.

21.     Without any authorization or license from Plaintiff, Defendant Sanders has knowingly and willfully used and continues to use Plaintiff's LED WHIPS trade dress in commerce in connection with the operation and maintenance of its website sales.

22.     Upon information and belief, Defendants Does 1 through 10 have manufactured, caused to be manufactured, or distributed the Infringing Goods and were not authorized by Plaintiff to manufacture, distribute, offer for sale, or sell products using the Plaintiff's LED WHIPS trade dress.

23.     Upon information and belief, Defendant Sanders caused to be manufactured and/or purchased or received the Infringing Goods from Defendants Does 1 through 10, sources that were not authorized by Plaintiff to manufacture, distribute, offer for sale, or sell products using the Plaintiff's LED WHIPS trade dress.

24.     The Infringing Goods are not genuine LED WHIPS. Plaintiff did not manufacture, inspect or package the Infringing Goods and did not approve them for sale and/or distribution.

25.     The appearance of the Infringing Goods is extremely similar if not identical to that of Plaintiff's genuine goods.

26.     The Infringing Goods are of inferior quality to Plaintiff's genuine goods. Plaintiff has received complaints from "angry consumers" that Plaintiff has determined to relate to the Infringing Goods, specifically mentioning the "cheap Chinese components" that have been used in the Infringing Goods.

27.     Defendants' use of the Plaintiff's LED WHIPS trade dress on or in connection with the manufacture, advertising, marketing, distribution, offering for sale and sale of the Infringing Goods is likely to cause confusion, or to cause mistake or to deceive.

28.     By reason of Defendants' acts complained of herein, Plaintiff has suffered and continues to suffer monetary damages in an amount thus far not determined.

29.     Defendants' wrongful conduct has deprived Plaintiff of good will and injured Plaintiff's relationship with the general public and its retailers.

30.     As a result of Defendants' conduct, Plaintiff is suffering and will continue to suffer irreparable harm and damage. Defendants will, unless restrained and enjoined, continue to act in the unlawful manner complained of herein, to Plaintiff's irreparable injury. Plaintiff's remedy at law is not adequate to compensate for the injuries suffered and threatened.

31.     Defendant Sanders operates www.whiptechled.com without providing any information as to the ownership and/or address of his business. Exhibit-3 contains an accurate copy of the Home Page and Contact Us Page of the web site www.whiptechled.com.

32.     As a result, on or about August 24, 2015, the undersigned attorney for Innovative ("Plaintiff Counsel") mailed a certified cease and desist letter to a mistaken individual by the name of John Peoples who Innovative, at the time of mailing the letter, believed to be the owner

of www.whiptechled.com. On the same day, Plaintiff Counsel also emailed a copy of the letter to whiptechled@gmail.com which appeared to be the only manner of communication with Defendant Sanders. Exhibit-4 contains an accurate copy of the cease and desist letter.

33.    On or about August 31, 2015, counsel for www.whiptechled.com ("Defendants Counsel) replied by stating that www.whiptechled.com is "unfamiliar with name (John Peoples) and the listed Oceanside address." In the reply, Defendants Counsel also demanded registration information for Innovative's trade dress and solicited explanation as to Innovative's "position that the referenced design features are nonfunctional." Exhibit-5 contains an accurate copy of the reply letter.

34.    On or about September 1, 2015, Plaintiff Counsel responded by (1) requesting that Defendants Counsel provide the identity of the owner of www.whiptechled.com, (2) informing Defendants Counsel that trade dress registration is not a requirement for filing a lawsuit against the infringers, (3) providing a brief explanation of the nonfunctional features of Innovative's trade dress, and (4) reiterating the demands made in the cease and desist letter of August 24, 2015.  Exhibit-6 contains an accurate copy of the response letter.

35.    As of the filing of this Complaint, neither Defendants nor the Defendants Counsel have responded to Plaintiff or its Counsel and continue to infringe upon Innovative's intellectual properties without permission.

## COUNT ONE: FEDERAL TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125(a))

36.    Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-35 inclusive, as though fully set forth.

37.     As its first ground for relief, Plaintiff alleges federal trade dress infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38.     Plaintiff has used the distinctive trade dress for its LED WHIPS in interstate commerce continuously since 2006. Plaintiff has invested substantial time, effort and financial resources promoting its trade dress in connection with the marketing and sale of its LED WHIPS in interstate commerce.

39.     Plaintiff's LED WHIPS trade dress is nonfunctional and inherently distinctive.

40.     Plaintiff's LED WHIPS trade dress also has secondary meaning in the marketplace in that consumers associate that trade dress with a single source of origin. They are likely to make that same association when the trade dress is used in connection with another manufacturer's product.

41.     Defendants manufacture, distribute, advertise, offer for sale or sell LED whips, using a trade dress that is identical or substantially similar to Plaintiff's LED WHIPS trade dress. Plaintiff did not authorize or license the use of its distinctive trade dress used for the Infringing Goods. On information and belief, Defendants have manufactured, distributed, advertised, sold and offered the Infringing Goods for sale using Plaintiff's trade dress with the intention of misleading, deceiving or confusing consumers as to the origin of its goods and of trading on Plaintiff's reputation and good will.

42.     Defendants' manufacture, advertising, distribution, selling and/or offering to sell its infringing products that have a trade dress copied from and confusingly similar to Plaintiff's LED WHIPS trade dress are likely to cause confusion on the part of purchasers and potential purchasers in violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a).

43.     Defendants' unauthorized use of Plaintiff's LED WHIPS trade dress in interstate commerce as described above constitutes direct or contributory trade dress infringement under 15 U.S.C. § 1125(a).

44.     As a direct and proximate result of Defendants' trade dress infringement, Plaintiff has suffered and will continue to suffer loss of income, profits and good will and Defendants have acquired and will continue to unfairly acquire income, profits and good will.

45.     Defendants' acts of trade dress infringement will cause further irreparable injury to Plaintiff if they are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## COUNT TWO: FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

46.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-45 inclusive, as though fully set forth.

47.     As its second ground for relief, Plaintiff alleges federal unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48.     By misappropriating and using Plaintiff's distinctive trade dress in commerce, Defendants misrepresent and falsely describe to the general public the origin and source of the Infringing Goods and create a likelihood of confusion by purchasers as to the source of the merchandise.

49.     Defendants' unauthorized and unlicensed manufacturing, advertising, distributing, offering for sale and/or selling the Infringing Goods creates express and implied misrepresentations that those goods were created, authorized or approved by Plaintiff, which will damage both Plaintiff and the public and which will profit Defendants.

50.     Upon information and belief, Defendants have manufactured, distributed, advertised, sold and offered their goods for sale using Plaintiff's trade dress with the intention of misleading, deceiving or confusing consumers as to the origin of their goods and of trading on Plaintiff's reputation and good will.

51.     Defendants' unauthorized marketing and sale of its products in interstate commerce using Plaintiff's trade dress constitutes use of a false designation of origin or false representation that wrongfully and falsely designates Defendants' products as originating from or connected with Plaintiff, and constitutes the use of false descriptions or representations in interstate commerce in violation of 15 U.S.C. § 1125(a).

52.     As a direct and proximate result of Defendants' acts of unfair competition, Plaintiff has suffered and will continue to suffer loss of income, profits and good will and Defendants have acquired and will continue to unfairly acquire income, profits and good will.

53.     Defendants' acts of unfair competition will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## COUNT THREE: CALIFORNIA UCL (B&P CODE § 17200 ET SEQ)

54.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-53 inclusive, as though fully set forth.

55.     As its third ground for relief, Plaintiff hereby alleges that Defendants have violated the California Unfair Competition Law (B&P Code§ 17200 et seq.).

56.     Defendants' appropriation, adoption and use of the Plaintiff's LED WHIPS trade dress, or in connection with the sale and offering for sale of the Infringing Goods is likely to confuse or mislead consumers into believing that Defendants' Infringing Goods are authorized, licensed, affiliated, sponsored, and/or approved by Innovative, thus constituting a violation of the California Unfair Competition Law (B&P Code § 17200 et seq.).

57.     The deceptive, unfair and fraudulent practices set forth herein have been undertaken with knowledge by Defendants willfully with the intention of causing harm to Innovative and for the calculated purpose of misappropriating Innovative's goodwill and business reputation.

58.     Defendants' use of Innovative's LED WHIPS trade dress has deprived Innovative of the right to control the use of its intellectual property.

59.     As a direct and proximate result of Defendants' unlawful infringement, Innovative has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial. Innovative is entitled to all available relief provided for in California Unfair Competition Law (B&P Code § 17200 et seq.) including permanent injunctive relief.

60.     Defendants committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, with intent to injure Innovative in its business and with conscious disregard for Innovative's rights, thereby justifying awards of punitive and exemplary damages in amounts sufficient to punish and to set an example for others.

## COUNT FOUR: CALIFORNIA COMMON LAW UNFAIR COMPETITION

61.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-60 inclusive, as though fully set forth.

62.     As its fourth ground for relief, Plaintiff hereby alleges that Defendants have violated the California Common Law Unfair Competition.

63.     Defendants' infringement of the LED WHIPS trade dress constitutes unfair competition in violation of the common law of the state of California.

64.     Defendants are competitors of Innovative and have copied Innovative's trade dress boot in an effort to exploit Innovative's reputation in the market.

65.     Defendants' infringing acts were intended to capitalize on Innovative's goodwill associated therewith for Defendants' own pecuniary gain. Innovative has expended substantial time, resources and effort to obtain an excellent reputation for its brands of LED whips. As a result of Innovative's efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Innovative.

66.     Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Innovative.

67.     Innovative has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' infringing conduct, unless they are enjoined by this Court.

68.     The conduct herein complained of was extreme, outrageous, and was inflicted on Innovative in reckless disregard of Innovative's rights. Said conduct was despicable and harmful to Innovative and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants and to deter them from similar such conduct in the future.

69.     In light of the foregoing, Innovative is entitled to injunctive relief prohibiting Defendants from infringing Plaintiff's trade dress and to recover all damages, including attorneys' fees, that Innovative has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## COUNT FIVE: CALIFORNIA COMMON LAW TRADE DRESS INFRINGEMENT

70.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-69 inclusive, as though fully set forth.

71.     As its fifth ground for relief, Plaintiff hereby alleges California Common Law Trade Dress infringement.

72.     Defendants' infringement of Plaintiff's LED WHIPS trade dress constitutes common law trade dress infringement in violation of the common law of the state of California.

73.     Defendants' unauthorized use of the LED WHIPS trade dress has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Innovative.

74.     Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Innovative.

75.     Innovative has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' infringing conduct, unless they are enjoined by this Court.

76.     The conduct herein complained of was extreme, outrageous, and was inflicted on Innovative in reckless disregard of Innovative's rights. Said conduct was despicable and harmful to Innovative and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants and to deter them from similar such conduct in the future.

77.     In light of the foregoing, Innovative is entitled to injunctive relief prohibiting Defendants from infringing the LED WHIPS trade dress and to recover all damages, including attorneys' fees, that Innovative has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## REQUEST FOR RELIEF

**WHEREFORE**, in consideration of the foregoing, Plaintiff respectfully requests that this Court:

**I.**     Enter judgment that Defendants have violated 1125(a) and that said infringement was willful.

**II.**     Issue a temporary restraining order and preliminary injunction

    **a.**     Restraining, enjoining and prohibiting the Defendants and each of their agents, employees, officers, attorneys, successors, assigns, affiliates and any persons in privity or active concert or participation with any of them from:

        i.     Using in any manner the Plaintiff's LED WHIPS trade dress in manufacturing, distributing, importing, exporting, offering for sale, selling or advertising any and all merchandise including, but not limited to, all LED whips products; and

        ii.     Representing that any unauthorized article or packaging manufactured, distributed, sold, held for sale, or advertised by Defendants is sponsored, authorized or licensed by Plaintiff by use of copies or simulations of the Plaintiff's trade dress, or otherwise; and

    **b.**     Requiring Defendants to turn over to Plaintiff any and all unauthorized merchandise, advertising, labels or other material using Plaintiff's LED WHIPS trade dress or a facsimile thereof, that is in the possession, custody or control of Defendants, their agents, employees, officers, attorneys, successors, assigns, affiliates and any persons in privity or active concert or participation with any of them; and

c.   Requiring Defendants to send, by e-mail and/or mail sent through the United States Postal Service, to each known purchaser of the Infringing Goods a notice to the effect that Defendants have been engaged in selling Infringing LED whips products and that the products purchased by the customer were not genuine Innovative's products.

**III.**   After a hearing on the merits, issue a permanent injunction prohibiting Defendants from manufacturing, advertising, selling or attempting to sell merchandise described in part I above and ordering such merchandise to be turned over to Plaintiff and destroyed.

**IV.**   After a hearing on the merits, grant Plaintiff an award of actual or statutory damages at Plaintiff's election against Defendants, where any award of actual damages should be trebled pursuant to the provisions of 15 U.S.C. § 1117, and grant Plaintiff's costs and reasonable attorneys' fees associated with pursuing this action, and prejudgment interest, against Defendants.

**V.**   After a hearing on the merits, grant Plaintiff an award of all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged.

**VI.**   Awarding Innovative punitive damages in connection with its claims under California law; and

**VII.**   Grant Plaintiff such other and further relief as the Court may deem just.

Dated this 30 day of November, 2015

By: _____

Michael M. Ahmadshahi, Esq.
AHMADSHAHI LAW OFFICES
Michael M. Ahmadshahi, Esq. (Bar No. 219933)
2030 Main Street, Ste. 1300
Irvine, CA 92614
Telephone: 949.260.4997
Facsimile: 949.260.4996
Email:  mahmadshahi@mmaiplaw.com

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all matters to which it is entitled by law.

Dated this 30 day of November, 2015

By: _____

Michael M. Ahmadshahi, Esq.
AHMADSHAHI LAW OFFICES
Michael M. Ahmadshahi, Esq. (Bar No. 219933)
2030 Main Street, Ste. 1300
Irvine, CA 92614
Telephone: 949.260.4997
Facsimile: 949.260.4996
Email: mahmadshahi@mmaiplaw.com

19
COMPLAINT